UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Jones, # 259166, | ) C/A No. 5:14-4083-TLW-KDW |
| Plaintiff, | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| Al Canon Detention Center, Formerly Charleston County Detention Center, and Its Medical Department, Doctors Name Unknown, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual and Procedural Background

Michael Jones ("Plaintiff") is currently an inmate at Ridgeland Correctional Institution. In the Complaint under review, Plaintiff alleges that he was detained at the Al Cannon Detention Center ("the detention center") in Charleston County, South Carolina in January 2013. Compl. 3, ECF No. 1. Plaintiff alleges that an unnamed doctor at the detention center gave him an excessive dose of heart medication, causing him to fall and injure himself. *Id*. He alleges that, shortly after the overdose incident, his family was able to pay his bond so that he could be removed from the detention center. *Id*. Plaintiff seeks compensatory damages. *Id*. at 5.

In the caption of his Complaint, Plaintiff names the detention center and its "medical department" as his only Defendants. *Id.* at 1. However, in the body of the Complaint and on his proposed service documents he lists Sheriff Al Cannon and Dr. Sampson as the Defendants. *Id.* at 3; *see also* ECF No. 5 (Plaintiff-submitted service documents). The Clerk of Court generally dockets defendants in a case exactly as the plaintiff lists them in the caption of the initial pleading; therefore, only the detention center and its medical department are officially listed on the docket as Defendants in the case. Nevertheless, under the requirement of liberal construction of pro se pleadings, the undersigned has also included Sheriff Al Cannon and Dr. Sampson as Defendants in the following analysis of Plaintiff's Complaint.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v.*

2

*Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a

---

[1] Plaintiff's Complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. No other basis for the exercise of this court's subject-matter jurisdiction is evident on the

3

name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

Based on the law discussed above, to the extent that Plaintiff has named only the Al Canon [sic] Detention Center and its Medical Department as the only Defendants, the Complaint fails to state a plausible claim on which relief may be granted. The detention center is an inanimate object (a building or group of buildings) and the term "medical department" is a collective term and not a name for a particular member of that department. As such, neither of the named Defendants in this case are persons who can act under state law, and, as a result, the Complaint should be summarily dismissed.

Additionally, even if the court were to consider Plaintiff's listing of Sheriff Al Cannon on his service documents as an attempt to name this person as a Defendant, the Complaint fails to state a plausible § 1983 claim against Sheriff Cannon. There are no allegations that Sheriff Cannon had any personal involvement in the medical care that Plaintiff received at the detention center or that he was otherwise personally involved in the overdose incident, and his position as the overall supervisor of the detention center does not change this lack of personal involvement. In order to assert a plausible § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436

---

face of the Complaint.

4

U.S. 658, 694 (1978). There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like Sheriff Cannon may be held liable in certain circumstances for constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan*, 737 F.2d at 373); *see also Green v. Beck*, No.12-7279, 2013 WL 4517028, *2 (4th Cir. Aug. 27, 2013) (alleged

failure of supervisory officials to investigate grievances not sufficient to establish liability under § 1983).

The *Slaken* exception is not adequately pleaded in this case because, as previously noted, there are no allegations of any personal knowledge (or even subjective knowledge) on Sheriff Cannon's part of the problems that Plaintiff alleges he had with the medical department at the detention center. Thus, regardless of how pervasive the alleged problems at the detention center might be, Cannon cannot be found liable for them simply based on his job as the overall "supervisor."

Finally, to the extent that Plaintiff's mention of "Sampson" as the possible name of the doctor who treated him at the detention center may be construed as an attempt to name a "Dr. Sampson" as a Defendant, the Complaint fails to state a plausible § 1983 claim against him. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[2] As a threshold, a complaint of deliberate indifference must disclose an objective injury or inattention to serious medical need. *See Shakka v. Smith*, 71 F.3d 162 (4th Cir. 1995); *Strickler v. Waters*, 989 F. 2d 1375 (4th Cir. 1993). Additionally, deliberate indifference involves a subjective component that the Supreme Court has termed a "sufficiently culpable state of mind" on the part of defendants. *See Johnson v. Quinones*, 145 F. 3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

---

[2] Plaintiff's claims in this case are governed by the Fourteenth Amendment, not the Eighth Amendment, because Plaintiff was a pretrial detainee when he was confined at the Al Cannon Detention Center. *See Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990). In *Belcher*, the court noted: "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." 898 F.2d at 34.

In *Estelle v. Gamble*, 429 U.S. at 105, the United States Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Also, the First Circuit has stated that "[a]lthough the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). *Cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). This court and other federal courts have held that, although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Samples v. Lewis,* No. 1:13–657–MGL, 2014 WL 66573, *6-7 (D.S.C. Jan. 8, 2014); *see also Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994) (collecting cases).

Plaintiff's own allegations disclose that the medical officials at the Al Cannon Detention Center were not medically indifferent to his heart condition, even thought they might have been negligent in their determination of the amount of medicine to give him. He was not denied medical care, but, obviously, it was not the kind of medical care that Plaintiff expected. At most, Plaintiff's allegations present a potential negligence/malpractice claim against the doctor who gave the excessive dose of heart medicine, which claim is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 75-76 (4th Cir. 1995) (applying *Daniels* and *Ruefly*). The United States Supreme Court has determined that 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising

7

under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989).

Negligence and legal malpractice are causes of action under South Carolina law. *See*, *e.g.*, *Mitchell v. Holler*, 429 S.E.2d 793 (S.C. 1993); *Yarborough v. Rogers*, 411 S.E.2d 424 (S.C. 1991). A civil action for negligence and legal malpractice would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). However, because Plaintiff and all Defendants are South Carolina residents, there is no diversity of citizenship evident in this case. As to any negligent medical treatment or injuries that Plaintiff received or sustained in the detention center, Plaintiff potentially could seek relief under the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann., § 15-78-10 *et seq.*, because the detention center is operated by an agency, department, or "political subdivision" of the State of South Carolina. *See* S.C. Code Ann., § 15-78-30(a); *Browning v. Hartvigsen*, 414 S.E.2d 115, 116-18 & nn.1-2 (S.C. 1992). Under the facts alleged, the SCTCA is Plaintiff's exclusive remedy for negligent medical treatment or injuries allegedly sustained at the Al Cannon Detention Center in Charleston County. *See* S.C. Code, §§ 15-78-20(b) and 15-78-70(a).[3]

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

---

[3] Plaintiff should be aware of the state statute of limitations on such negligence/malpractice actions which is, generally, three years from the time of the alleged injury to the client. *See*

8

IT IS SO RECOMMENDED.

October 31, 2014								Kaymani D. West
Florence, South Carolina						United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

*Epstein v. Brown*, 610 S.E.2d 816 (S.C. 2005); *see also* S.C. Code Ann. §§ 15-3-530; 15-3-535.

9

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).